UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AGNESS MCCURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:23-CV-00130-DCLC-JEM |
| v. | ) |
| | ) |
| D. KELLY THOMAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In this civil rights action, Plaintiff Agness McCurry asserts various claims pursuant to 42 U.S.C. § 1983 against United States District Judge Thomas Varlan, United States Magistrate Judge Cynthia Wyrick, Tennessee Supreme Court Justice Roger Page, Tennessee Criminal Court Senior Judge D. Kelly Thomas Jr. and Judge Dee David Gay, Stewart County General Sessions Judge G. Andrew Brigham, Senior Assistant Attorney General of Tennessee Joseph Ahillen, and Connor McDonald, Assistant General Counsel for the Office of Tennessee Secretary of State Tre Hargett [Doc. 2]. The magistrate judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommends dismissal without leave to amend [Doc. 12]. This matter is currently before the Court on the Report and Recommendation ("R&R") [Doc. 12], Plaintiff's Objections to the R&R [Doc. 14], and Plaintiff's Motion for Recusal [Doc. 9].

**I.    BACKGROUND**

Each of Plaintiff's allegations in this action relate, in some way, to state court proceedings during which she was taken into custody and charged with criminal contempt by Senior Judge Thomas Wright [*See* Docs. 2-10, 2-13]. Among other things, she asserts that Judge D. Kelly Thomas, Justice Page, Senior Assistant Attorney General Ahillen, District Judge Varlan, and

1

Magistrate Judge Wyrick were involved in a criminal conspiracy with Judge Thomas Wright to deprive her of due process [Doc. 2, pg. 44]. She further alleges that Judge Gay and Judge Brigham, who both served on the Board of Judicial Conduct, breached their fiduciary duty to investigate complaints raised by her against Judge Thomas Wright and Judge D. Kelly Thomas [Doc. 2, pg. 34]. Finally, she asserts that Assistant General Counsel McDonald aided and abetted Judge Thomas's "fraud to violate [her] due process rights in her criminal case" by "refusing to report [his] invalid Oath of Office" [Doc. 2, pg. 40].[1] Plaintiff also asserts claims for intentional infliction of emotional distress [Doc. 2, pgs. 28, 32, 35, 37, 42, 48], prosecutorial misconduct [Doc. 2, pg. 37], public corruption [Doc. 2, pg. 40], and various criminal violations [Doc. 2, pgs. 35–37, 39, 41, 46]. She seeks compensatory and punitive damages and injunctive relief [Doc. 2, pgs. 30, 33, 36, 38, 44, 48].

After the instant action was assigned to the undersigned and United States Magistrate Judge Jill E. McCook, Plaintiff moved for recusal [Doc. 9], alleging that both the undersigned and Magistrate Judge McCook "are disqualified from this case" because, among other things, "they are engaged in a scheme to obstruct justice specifically for Magistrate Wyrick and Judge Varlan's behalf" [*Id*. pg. 5]. On November 28, 2023, Judge McCook denied the motion to the extent it sought her recusal [Doc. 10]. On the same date, she issued an R&R recommending that Plaintiff's Complaint be dismissed [Doc. 12]. Specifically, the magistrate judge concluded that the state and federal judges are entitled to judicial immunity on Plaintiff's claims for damages and that her claims for injunctive relief against the judicial officers are barred [*Id*. at pgs. 7–9]. To the extent Judge Thomas lacks judicial immunity, the magistrate judge recommends that the Court abstain

---

[1] Plaintiff alleges that Judge Thomas's oath of office is invalid because he took the oath on August 4, 2023, before Justice Page appointed him as a senior judge [Doc. 2, pg. 27].

under *Younger v. Harris*, 401 U.S. 37 (1971) [*Id*. at pgs. 9–10].  As for Plaintiff's remaining claims against Senior Assistant Attorney General Ahillen and Assistant General Counsel McDonald, the magistrate judge found that Plaintiff failed to state a claim upon which relief can be granted [*Id*. at pgs. 11, 12].  Finally, the magistrate judge considered whether Plaintiff should be permitted to amend her Complaint but found that amendment would be futile [*Id*. at pg. 12].  Based on the foregoing, the magistrate judge recommends dismissal of Plaintiff's Complaint [*Id*. at pg. 13].

Plaintiff filed timely objections to the R&R on November 30, 2023 [Doc. 14].  She objects to the R&R because (1) the magistrate judge applied the Prison Litigation Reform Act ("PLRA") despite the fact that Plaintiff is not incarcerated and (2) new evidence and facts occurred after she filed her Complaint, which allegedly establish additional claims of serious federal crimes against Defendants [*Id*. at pg. 2].  The Court addresses Plaintiff's motion for recusal of the undersigned [Doc. 9] prior to reviewing the R&R [Doc. 12] and Plaintiff's objections thereto [Doc. 14].

## II.     ANALYSIS

### A.     Motion for Recusal

Plaintiff moves for recusal of the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1), which require disqualification in any proceeding in which a judge's "impartiality might reasonably be questioned[,]" 28 U.S.C. § 455(a), or "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). Under the foregoing provisions, "[r]ecusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (citations omitted).  Put differently, the facts must "be such as would 'convince a reasonable man that a bias exists.'" *United States v. Story*, 716 F.2d 1088, 1090

3

(6th Cir. 1983) (quoting *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)). "A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Id.* (quoting *Oliver v. Michigan State Bd. of Ed.*, 508 F.2d 178, 180 (6th Cir. 1974)).

Here, Plaintiff broadly asserts that "no existing District Judge and Magistrate should preside over this case" because of the existence of a conflict of interest [Doc. 9, pgs. 12, 13]. For context, Plaintiff has sued various federal and state judges in a separate action, over which the undersigned is also presiding. *See McCurry v. McDonough, et al.*, 3:23-CV-367 (filed October 11, 2023). She asserts that because the undersigned is "employed with" the federal judges she has sued in that case, it would be a conflict of interest for the undersigned, or presumably any other judicial officer in this district, to preside over the instant matter [Doc. 9, pg. 12]. Plaintiff boldly states that "no existing federal judge and [m]agistrate shall preside over this case without repercussions from [her]" [*Id.* at pg. 11]. With respect to the undersigned specifically, Plaintiff asserts that the undersigned "was assigned to this case to retaliate against [her]" [Doc. 9, pg. 5] and is "involved in a RICO criminal conspiracy" [Doc. 9, pg. 11]. She further contends that the undersigned "has an agenda to commit federal crimes on behalf of [other federal judges]" because he is presiding over another unrelated lawsuit, *McCurry, et al. v. Eastman Credit Union*, Case No. 2:23-CV-61, in which she "experienced mail fraud . . . that was intentionally ignored by [the undersigned]." [Doc. 9, pg. 2].

No reasonable person could conclude that the foregoing allegations have merit, that the undersigned's impartiality could reasonably be questioned, or that any bias exists. As an initial matter, it is well established "that actions of a judge in pending or previous litigation in which the movant has been involved are not grounds for disqualification." *Southerland v. Irons*, 628 F.2d

4

978, 980 (6th Cir. 1980). More specifically, a party's disagreement with a judge's decisions is not a proper basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff also may not disqualify every judicial officer within the Eastern District of Tennessee simply because she has filed suit against other judges within the district. As the Supreme Court has explained, the normal process in federal court is as follows: "when an individual judge is disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and allows the normal administrative processes of the court to assign the case to another judge not disqualified." *United States v. Will*, 449 U.S. 200, 212 (1980). The undersigned is not named as a Defendant in Plaintiff's pending actions and Plaintiff's seeking disqualification of every judge in the district is "nothing more than a tactic to delay and frustrate the orderly administration of justice." *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994). "Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit[.]" *Id*.

"[T]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is[.]" *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (citation omitted). This case is one in which the undersigned has an obligation *not* to recuse because there is no legally sufficient reason to do so. Accordingly, Plaintiff's Motion to Recuse [Doc. 9] is **DENIED**. Thus, the Court turns to the magistrate judge's R&R and Plaintiff's Objections thereto.

B.  **R&R and Plaintiff's Objections**

As stated previously, Plaintiff objects to the R&R because (1) the magistrate judge applied

5

PLRA despite the fact that she is not incarcerated and (2) new evidence and facts occurred after she filed her Complaint, which allegedly establish additional claims of serious federal crimes against Defendants [Doc. 14, pg. 2]. As an initial matter, the magistrate judge properly screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), because she is proceeding *in forma pauperis*. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (explaining that "complaints by non-prisoners are not subject to the screening process required by § 1915A[,]" but "the district court must still screen the complaint under § 1915(e)(2)."). Thus, Plaintiff's objection to the application of the PLRA is **OVERRULED**.

Turning to the remaining objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "However, the district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). The Court also declines to consider new factual allegations raised in Plaintiff's Objections. *See Harper v. Houston*, No. 17-2132, 2018 WL 354609, at *5 n.2 (W.D. Tenn. Jan. 10, 2018) ("[T]he Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation" and "[i]t would be improper for the Court to consider the new facts because they are matters outside of the pleadings.").

With respect to the claims against the federal and state judges, Plaintiff objects to the magistrate judge's findings of judicial immunity and abstention.[2] She asserts that the magistrate judge's conclusion of "'absolute immunity' for federal and [s]tate judges . . . is erroneous" because she has sued each of the judges in their personal capacities and "the Eleventh Amendment

---

[2] Plaintiff also asserts that Judge Thomas violated 42 U.S.C. § 12203 by retaliating against her, but the referenced statute applies to retaliation under the Americans with Disabilities Act ("ADA"), and Plaintiff does not allege any facts giving rise to an ADA claim.

6

prohibition against monetary damages imposed on a state does not apply to such suits" [Doc. 14, pgs. 5, 9]. She further contends that her claims for injunctive relief against the judicial defendants are permitted under *Ex parte Young*, 209 U.S. 123 (1908) [Doc. 14, pg. 10].

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citations omitted). Moreover, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Each of Plaintiff's claims against the federal and state judges in this action arise out of actions the judges performed in their judicial capacities. Plaintiff also does not address the magistrate judge's finding that she failed to allege violation of a declaratory decree or the unavailability of declaratory relief [*See* Doc. 12, pg. 9]. In sum, Plaintiff's objections are misplaced and **OVERRULED**.

With respect to the magistrate judge's findings regarding abstention, Plaintiff asserts that "[t]he abstention doctrine applies to legitimate 'constitutional proceedings' not unconstitutional proceedings" [Doc. 14, pg. 9] and the Court "cannot apply the abstention doctrine to Judge Thomas Jr. that violated [her] Due Process rights" [Doc. 14, pg. 3]. *Younger* abstention has three requirements: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir.1990)). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Id.* (quoting *Middlesex Cnty.*

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Plaintiff does not dispute the magistrate judge's findings that a state proceeding was ongoing and that the proceeding implicated important state interests [*See* Doc. 12, pg. 10]. And she fails to show that she lacks an adequate opportunity to raise constitutional challenges in state court. While she claims Judge Thomas "retaliated" against her, [Doc. 14, pg. 2], the alleged retaliation consisted of a show-cause order directing her to explain why she should not be sanctioned for filing a duplicative motion to recuse Judge Thomas after he had denied the previous two motions on the same grounds [Doc. 14, pg. 3; Doc. 14-1, pg. 1]. Plaintiff also fails to allege any facts showing that Judge Thomas acted in bad faith or for the purpose of harassing her. Thus, the magistrate judge properly concluded that abstention is appropriate, and Plaintiff's objections to the same are **OVERRULED**.

Finally, Plaintiff "objects to all the findings of the report regarding her claims against Counsel Ahillen and Counsel McDonald" [Doc. 14, pg. 11]. She goes on to reiterate her allegations that Counsel Ahillen defended Judge Wright's alleged failure to file his Oath of Office with the Tennessee Secretary of State and that Counsel McDonald failed to "escalate [her] concerns to SOS Tre Hargett" [Doc. 14, pg. 12]. However, Plaintiff failed to object to any specified proposed findings or recommendations and the Court declines to address the general objection to the magistrate judge's findings as a whole regarding Plaintiff's claims against Counsel Ahillen and Counsel McDonald.

The Court notes that Plaintiff alleges that "[t]here is a plethora of evidence and new claims that [she] has to submit post filing of the original complaint" and that she wishes to "amend with the new evidence especially with the misconduct of Judge Thomas Jr. in her civil and criminal cases" [Doc. 14, pg. 12]. However, the magistrate judge specifically found, and the Court agrees,

that an amendment would not cure the defects of the Complaint, *i.e.*, amendment would be futile.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Recusal [Doc. 9] is **DENIED**, Plaintiff's Objections to the R&R [Doc. 14] are **OVERRULED**, and the R&R [Doc. 12] is **ADOPTED**. Accordingly, this case is **DISMISSED WITH PREJUDICE**. Plaintiff's pending motions for extensions of time to amend the instant lawsuit [Docs. 18, 23] are **DENIED AS MOOT**. A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Court